UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN MATTHEW FINNEGAN<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>CITY OF ATLANTA MUNICIPAL COURT<br><br>　　　　　　　　　　Defendant. | Case No.:   21cv813-LAB (NLS)<br><br>**ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER; AND**<br><br>**ORDER OF DISMISSAL** |

　　　Plaintiff Sean Matthew Finnegan, proceeding *pro se*, filed a complaint asking this Court to restrain and expunge an ongoing criminal case in the City of Atlanta Municipal Court and to award him damages. He attaches documents showing that he was arrested for entering a public transit station without paying. He believes the judges assigned to his case are acting improperly by continuing to adjudicate the case in spite of his claimed innocence, by requiring him to appear in court for his hearing, and by threatening to issue an arrest warrant should he fail to appear. An attachment shows that he asked the municipal court in late March for a continuance for "Medical and other reasons not listed here."

/ / /

Besides his complaint, Finnegan also filed a motion for leave to proceed *in forma pauperis* ("IFP") and a motion identified as a motion for a protective order. The Court liberally construes the latter as a motion for a temporary restraining order.

Finnegan, who provides an address in Beverly Hills, California, filed ten other cases in this Court in April. His IFP motions are inconsistent, some saying he is unemployed and has no assets, and others saying he is currently employed and has an income. The address he provides misleadingly suggests that he lives in "Unit 961" at a residence in Beverly Hills. In fact, the address he provided is the Beverly Hills post office. The "unit" number is likely a post office box, and it is uncertain whether he lives in California or somewhere else. A brief review of this and other cases shows he has represented to the Court that he maintains offices in Atlanta and Washington, D.C. and travels extensively for business. Finnegan's IFP motion in this case is incomplete, and is **DENIED**.

The complaint is also fraught with problems that cannot be corrected by amendment. A review of the docket of the Central District of California shows that Finnegan, a resident of that District, brought this same claim there. *See Finnegan v. City of Atlanta Municipal Court*, Case 21cv3085-MCS-AS (filed April 5, 2021). That court dismissed his claims on April 15 on the basis of improper venue and Eleventh Amendment immunity. Instead of appealing, he filed this duplicative action, in an evident attempt at judge- and forum-shopping.

With exceptions not applicable here, the Court lacks authority to restrain ongoing criminal prosecution in a state court. *See Younger v. Harris*, 401 U.S. 37, 45–46 (1971); *Beltran v. California*, 871 F.2d 777, 782 (9th Cir. 1988) (holding that *Younger* requires dismissal of the federal action). Even if venue were proper, the Court could not entertain his request for equitable relief.

The Central District's judgment estops Finnegan from bringing damages claims against the municipal court itself. He also cannot amend to bring those

claims against the judges or court officers whom he blames for violating his rights and harassing him, because they are entitled to absolute immunity. *See Stump v. Sparkman*, 435 U.S. 349 (1978) (judicial immunity); *Curry v. Castillo*, 297 F.3d 940, 952 (9th Cir. 2002) (quasi-judicial immunity).

The motion for a temporary restraining order (Docket no. 2) is **DENIED.** This action is **DISMISSED WITHOUT LEAVE TO AMEND**. *See Younger*, 401 U.S. at 45–46; *Stump*, 435 U.S. 349; *Curry*, 297 F.3d at 952. *See also Hernandez v. City of El Monte*, 138 F.3d 393, 398 (9th Cir. 1998) (holding that district court may dismiss a case *sua sponte* for judge-shopping).

**IT IS SO ORDERED**.

Dated: May 5, 2021

Honorable Larry Alan Burns
United States District Judge